**418**

231 So.2d 340

**Frank PALMORE**

v.

**STATE.**

**4 Div. 10.**

Court of Criminal Appeals of Alabama.

Dec. 16, 1969.

Rehearing Denied Jan. 13, 1970.

Gray, Seay, Langford & Pryor, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

ALMON, Judge.

This is an appeal from a judgment of conviction of assault with intent to murder.

The court imposed a two year sentence. Since the State takes no exception to the facts as alleged by the appellant, we quote from his brief:

"Mr. A. H. Howell, called as a witness for the State, testified that appellant and another person came into his restaurant on September 2, 1967, ordered sandwiches and drinks and were served; that after they had finished, Mrs. Phillips asked them to hand her a plate off the table; that appellant 'cussed at Mrs. Phillips'; that Mr. Howell said it don't make any difference whose plate it is she said hand it to her; that appellant said make me; that appellant drew his hand up and had a knife in it; that he (Mr. Howell) picked up a stick and tried to knock the knife out of appellant's hand; that he pushed appellant out of the door and that appellant came at him and cut him about five times.

"Myrtle Phillips, called as a witness for the State, testified that appellant did not direct any profane language to her; that the only thing she could recall was appellant told Mr. Howell that they are not my damn plates.

"Don Grooms, called as a witness for the appellant entered Mr. Howell's cafe on September 2, 1967, ordered four sandwiches and two drinks; that after they had finished and sat their plates on the counter Mr. Howell said hand me that plate, referring to another plate on the table; that appellant told him it wasn't his; that Mr. Howell then told them to get out of his place; that they had started out the door when Mr. Howell came behind them with a billy club; that Mr. Howell hit at appellant twice and each time appellant caught the lick on his arm; that Mr. Howell hit appellant several times before appellant cut him; that the entire altercation took place outside the restaurant.

"Frank Palmore, called as a witness in his own defense, testified that no profanity was used by him; that he cut Mr.

 

Howell only after having been hit twice with the billy club; that every time Mr. Howell hit at him he would hit at him with the knife."

The trial court charged the jury on the elements of assault and battery and the punishment therefor. This is, of course, a lesser included offense under an indictment charging assault with intent to murder. Appellant contends the trial judge committed error when he charged the jury on the punishment the court may impose where the jury finds the defendant guilty of assault and battery and declines to assess a fine. We quote from that portion of the court's charge to the jury:

"You have nothing to do with the punishment if he is found guilty of assault with intent to murder. That is for the Court to impose. If, on the other hand, after you have considered the evidence in this case, you are not convinced beyond a reasonable doubt and to a moral certainty that he is guilty of the offense of assault with intent to murder but you are convinced beyond a reasonable doubt and to a moral certainty that he is guilty of assault and battery, then, in that event, the form of your verdict would be, 'We, the Jury, find the defendant guilty of assault and battery and assess a fine, of blank dollars not to exceed $500.00. One cent up to $500.00, or you may decline to assess a fine and, in that event, it would be the duty of the Court to impose other punishment because that would be an indication by a jury that you thought he ought to be punished otherwise. It would be the duty of the Court to impose punishment not to exceed 6 months. I believe it is at hard labor for the county or in the County Jail. In that event, the form of your verdict would be, 'We, the Jury, find the defendant guilty of assault and battery and decline to assess a fine.'"

We have carefully reviewed this portion of the judge's charge and conclude that it is a correct statement of law. See Tit. 15,

§ 336, Code of Alabama, 1940, and Deck v. State, 23 Ala.App. 304, 124 So. 505.

Moreover, had the trial judge charged incorrectly on the punishment for the lesser included offense of assault and battery, we doubt very seriously if it would have been prejudicial error since the jury found appellant guilty, not of the lesser offense, but of the primary charge; i. e., assault with intent to murder.

We conclude that the judgment appealed from should be and the same is hereby.

Affirmed.